**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SOMPHOTE AHUNAI, | |
| Plaintiff, | |
| v. | C.A. No. 21-cv- |
| THEIA GROUP, INCORPORATED, | |
| Defendant. | |

## **COMPLAINT**

Plaintiff Somphote Ahunai ("Mr. Ahunai" or "Plaintiff"), by and through his undersigned counsel, states the following in support of his Complaint against Defendant THEIA Group, Incorporated ("THEIA" or "Defendant"):

1.     This action arises from THEIA's failure to pay $15 million owed to Mr. Ahunai under a secured convertible promissory note, due February 11, 2021.

2.     In February 2019, Mr. Ahunai and THEIA executed a series of agreements, under which Mr. Ahunai agreed to provide THEIA with an initial investment of $10,000,000 (the "Principal Amount") in order to help finance THEIA's building of the THEIA Satellite Network, "a satellite network consisting of 112 remote sensing satellites which will operate in low earth orbit, with sophisticated hyperspectral, radar, and visible and infrared staring sensor remote sensing payloads." *See* Heads of Agreement ("HOA"), Introductory Paragraph and Whereas Clause A.[1]

---

[1] A true and correct copy of the HOA is attached hereto as Exhibit 1.

3.      In exchange for this influx of capital, THEIA agreed to issue to Mr. Ahunai—among other things—a secured convertible promissory note (the "Secured Note").  *See* Secured Note Purchase Agreement (the "SNPA"), ¶ 1 and Sch. I.[2]

4.      The Secured Note provided Mr. Ahunai with a right to one and one half times the Principal Amount, or $15,000,000 (the "Repayment Amount"), on February 11, 2021 (the "Maturity Date").  *See* Secured Note, ¶ 1.[3]

5.      On or about February 15, 2019, Mr. Ahunai made a timely payment of $10,000,000 to THEIA, and purchased the Secured Note.

6.      Accordingly, on February 11, 2021, THEIA owed Mr. Ahunai the Repayment Amount.

7.      THEIA failed to pay any portion of the Repayment Amount on the Maturity Date, and defaulted on its obligations.

8.      Mr. Ahunai has made multiple attempts to collect the Repayment Amount and all default interests.

9.      THEIA continues to withhold payment and remains in default.

10.     Mr. Ahunai is, therefore, entitled to immediate payment of the $15,000,000, plus all default interest owed under Delaware law.

**THE PARTIES**

11.     Plaintiff Somphote Ahunai is a citizen of Thailand, and currently resides in Bangkok, Thailand.  Mr. Ahunai holds the Secured Note.

[2] A true and correct copy of the SNPA is attached hereto as Exhibit 2.
[3] A true and correct copy of the Secured Note is attached hereto as Exhibit 3.

12.     Defendant THEIA Group, Incorporated is a Delaware corporation, whose address is 1455 Pennsylvania Avenue, Suite 600, Washington, D.C. 20004.  THEIA issued the Secured Note to Mr. Ahunai.

## JURISDICTION AND VENUE

13.     The Court has personal jurisdiction over THEIA because THEIA is incorporated in this District.  THEIA also "submit[ted] to the non-exclusive general jurisdiction of any State of Delaware court sitting in the county of New Castle" and "the courts of the United States of American for the District of Delaware . . ."  *See* Secured Note, ¶ 13; SNPA, ¶ 12.

14.     The Court has subject matter jurisdiction over this case because the matter in controversy exceeds $75,000, Plaintiff is a citizen or subject of a foreign state, and Defendant is a citizen of Delaware.  28 U.S.C. § 1332 (a)(2).

15.     Venue is proper because Defendant THEIA resides in this District.  28 U.S.C. § 1391 (b)(1), (c)(2).  THEIA has also consented to venue.  Secured Note, ¶ 13; SNPA, ¶ 12.

## FACTS

**I.     THEIA Agrees to Issue the Secured Note to Mr. Ahunai**

16.     In or about early 2019, a representative of THEIA approached Mr. Ahunai about an investment opportunity.

17.     THEIA claimed to be developing a satellite network that could operate in low earth orbit and use various sensors to harvest data regarding things like underground natural resources and weather (the "Project").

18.     THEIA proposed that Mr. Ahunai loan it $10,000,000—to help develop what it claimed would be a very lucrative undertaking—and in exchange for this seed money, THEIA would pay Mr. Ahunai $15,000,000 in principal and interest when the loan matured.

3

19.   Mr. Ahunai agreed, and in or around February 2019, the Parties entered into a series of agreements memorializing THEIA's obligations and securing Mr. Ahunai's interests.

20.   Several agreements are relevant to the Parties' dispute—including the HOA, the SNPA, and the Secured Note—and each are described in more detail herein.

**A.  The Heads of Agreement**

21.   The HOA, dated February 11, 2019, sets out each party's basic rights and obligations relating to the investment.

22.   The HOA came into force upon the following events:

a.   Both Parties' executing the HOA;

b.   Mr. Ahunai's paying THEIA the Principal Payment;[4] and

c.   THEIA's memorializing and securing its promise to give Mr. Ahunai the Repayment Amount through the Secured Note and the SNPA (both of which were attached to the HOA).  *See* HOA ¶ 1.

23.   The HOA also required THEIA to supply Mr. Ahunai with a duly executed personal guarantee from Erlend Olson ("Olson"), THEIA's Chief Operations Officer.  *See* HOA, ¶ 1(b).

24.   Olson had provided a personal guarantee on January 30, 2019.  However, on February 13, 2019, Olson sent Mr. Ahunai a "Confirmation Letter," agreeing that, should Mr. Ahunai "determine a different form of personal guarantee is more suitable for enforcing [Mr. Ahunai's] rights," he will "execute such documents on demand."  *See* Confirmation Letter of Erlend Olson, at ¶ 2.[5]

---

[4] By an "Agreement to Adjustment of Date", the parties extended Mr. Ahunai's deadline for wiring payment from February 13, 2019 to February 15, 2019.  *See* Agreement to Adjustment of Date, ¶ 1, a true and correct copy of which is attached hereto as Exhibit 4.

[5] A true and correct copy of the Confirmation Letter is attached hereto as Exhibit 5.

**B.  Secured Note Purchase Agreement**

25.     The SNPA, dated February 11, 2019, memorialized THEIA's agreement to sell and deliver to Mr. Ahunai the Secured Note, upon wire transfer of the Principal Amount.

26.     The SNPA is governed by the laws of the State of Delaware.

**C.  Secured Convertible Promissory Note**

27.     The Secured Note, dated February 11, 2019, memorializes and secures THEIA's "promise[] to pay [Mr.] Ahunai on the Maturity Date . . . 1.5x (one and one half times) the principal sum of TEN MILLION DOLLARS ($10,000,000) ("the Principal Amount"), or FIFTEEN MILLION DOLLARS ($15,000,000) ("the Repayment Amount")."

28.     The Maturity Date is February 11, 2021.

29.     The full Repayment Amount is due on that date.

30.     Failure to "pay when due the Repayment Amount of this Note on the Maturity Date" is a default event.

31.     Upon the occurrence of any default event, the Repayment Amount "shall become due and payable" to Mr. Ahunai.

32.     The Secured Note is governed by Delaware law.

**II.     Mr. Ahunai Purchases the Secured Note**

33.     In reliance on THEIA's agreements and representations, on February 15, 2019, Mr. Ahunai wired THEIA $10,000,000, and purchased the Secured Note.

**III.     Olson Refuses to Provide a Suitable Personal Guarantee**

34.     Shortly thereafter, Mr. Ahunai requested a different form of personal guarantee, as he was entitled to do under the Confirmation Letter.

35.     Olson refused to honor this obligation.

36.     Instead, Olson, by email dated July 4, 2019, proposed the parties "dissolve the relationship . . . void the agreements and return [the] $10M to [Mr. Ahunai]."

37.     Mr. Ahunai was amenable to this resolution, but, despite negotiations extending over nearly one year, the parties were ultimately unable to agree on the terms for terminating the relationship.

38.     Instead, Mr. Ahunai has remained in possession of the Secured Note, and THEIA has remained in possession of the Principal Amount.

## IV.     The Note Matures and THEIA Defaults

39.     On February 10, 2021, one day before the Maturity Date, Mr. Ahunai sent to THEIA a "Notice to Repay Promissory Note."[6]

40.     The Notice to Repay Promissory Note invoked Mr. Ahunai's rights to the Repayment Amount, and demanded timely payment on February 11, 2021.

41.     On February 11, 2021, the Secured Note matured, and the Repayment Amount was due and payable to Mr. Ahunai.

42.     THEIA failed to remit the Repayment Amount, thereby defaulting and triggering its obligation to pay default interest.

43.     Because there is no expressed contract rate, the Delaware Code requires that the default interest equal five percent over the Federal Reserve Discount rate, running from the date the payment is due until the payment is made.  *See* 6 *Del. C.* § 2301(a).

## V.     THEIA Continues to Withhold Payment Without Justification

44.     On February 16, 2021, Mr. Ahunai sent to THEIA a Notice of Default, demanding the full Repayment Amount, together with all default interest.[7]

---

[6] A true and correct copy of the Notice to Repay Promissory Note is attached hereto as Exhibit 6.
[7] A true and correct copy of the Notice of Default is attached hereto as Exhibit 7.

45.     On February 17, 2021, THEIA responded, asking Mr. Ahunai to further extend the "maturity date by 12 months in exchange for increasing the return from 1.5x to 2.5x, and the opportunity to convert some or all of 2.5x into the IPO which THEIA is doing later this year . . ." *See* THEIA Response Letter.[8]

46.     Alternatively, THEIA stated that if Mr. Ahunai "wish[ed] to redeem [his] notes for cash now, [he] may do so."  However, THEIA warned that if he did, Mr. Ahunai would be unable to participate in a new "Secure Global Network" supposedly consisting of a "point-to-point global communications network covering every place on earth … enabling [THEIA] to become the first internet+cloud in space (much like Amazon Web Services, only entirely in space)."  *See id.*

47.     Mr. Ahunai rejected this new offer, and reiterated his demand for the Repayment Amount plus default interest.

48.     THEIA did not provide payment.

49.     On April 22, 2021, Mr. Ahunai issued a Notice of Default and Security Enforcement, stating that THEIA had defaulted on its payment obligations and that Mr. Ahunai would take legal actions against THEIA and its security providers.[9]

50.     THEIA has made no payment or response thereto, leaving the entire balance of the Repayment Amount outstanding, and THEIA remaining in default.

---

[8] A true and correct copy of the THEIA Response Letter is attached hereto as Exhibit 8.
[9] A true and correct copy of the Notice of Default and Security Enforcement is attached hereto as Exhibit 9.

## COUNT ONE
## BREACH OF CONTRACT

51.     Plaintiff incorporates paragraphs 1 - 50 as though fully set forth herein.

52.     The Parties agreed that THEIA would owe Mr. Ahunai $15,000,000 on the date of maturity of the Secured Note—February 11, 2021—in exchange for Mr. Ahunai's investment of $10,000,000.

53.     Mr. Ahunai made a timely investment of $10,000,000 in return for the Secured Note.

54.     The Secured Note matured on February 11, 2021, and the $15,000,000 was due and payable to Mr. Ahunai at that time.

55.     THEIA failed to pay any portion of the $15,000,000 owed on February 11, 2021, thereby defaulting and depriving Mr. Ahunai of his right to immediate payment.

56.     THEIA remains in default and continues to harm Mr. Ahunai by withholding payment of the $15,000,000 plus default interest, running from February 11, 2021 to the date of payment.

57.     As a result of THEIA's misconduct, Mr. Ahunai is entitled to immediate payment of the $15,000,000 owed, plus all default interest.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

a)      Judgment entered in favor of Plaintiff and against Defendant on Count I and an award of $15,000,000 plus default interest (at the rate of five (5) percent over the Federal Reserve Discount rate accruing from February 11, 2021 up until the date that amount is repaid);

b)      Declaratory judgment that Defendant has defaulted on its obligations under the HOA, SNPA, and Secured Note;

c)      Judgment requiring Defendant to pay Plaintiff's costs and expenses, including attorneys' fees; and

d)      Any other relief this Court deems just and proper.

*Of Counsel:*                                                    ASHBY & GEDDES

Jacob M. Kaplan                                            */s/ Catherine A. Gaul*
(*pro hac vice* motion forthcoming)              Catherine A. Gaul (#4310)
BAKER & MCKENZIE LLP                           500 Delaware Avenue, 8th Floor
452 Fifth Avenue                                           P.O. Box 1150
New York, NY 10018                                    Wilmington, DE  19899
(212) 626-4100                                             (302) 654-1888
jacob.kaplan@bakermckenzie.com            cgaul@ashbygeddes.com

                                                                    *Attorneys for Plaintiff*

Dated:  August 18, 2021