IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOMPHOTE AHUNAI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THEIA GROUP, INCORPORATED,<br><br>　　　　　Defendant. | C.A. No. 1:21-cv-01182-LPS |

## ANSWER TO COMPLAINT

Defendant THEIA Group, Incorporated ("THEIA" or "Defendant"), by and through its undersigned counsel, hereby responds to Plaintiff Somphote Ahunai's ("Mr. Ahunai" or "Plaintiff") Complaint as follows:

1. This action arises from THEIA's failure to pay $15 million owed to Mr. Ahunai under a secured convertible promissory note, due February 11, 2021.

**ANSWER:** Paragraph one consists of Plaintiff's characterization of this action. No response is required to Paragraph 1.

2. In February 2019, Mr. Ahunai and THEIA executed a series of agreements, under which Mr. Ahunai agreed to provide THEIA with an initial investment of $10,000,000 (the "Principal Amount") in order to help finance THEIA's building of the THEIA Satellite Network, "a satellite network consisting of 112 remote sensing satellites which will operate in low earth orbit, with sophisticated hyperspectral, radar, and visible and infrared staring sensor remote sensing payloads." *See* Heads of Agreement ("HOA"), Introductory Paragraph and Whereas Clause A.[1]

**ANSWER:** Defendant admits that in or around February 2019, it executed a series of agreements in the amount specified in Paragraph 2. The remaining portion of Paragraph 2 purports to quote from the HOA. Defendants respectfully submits that the HOA is a written

---

[1] A true and correct copy of the HOA is attached hereto as Exhibit 1.

00016040.3

document whose contents speak for themselves, and respectfully refers the Court to the HOA for a complete and accurate recital of its contents.

3. In exchange for this influx of capital, THEIA agreed to issue to Mr. Ahunai—among other things—a secured convertible promissory note (the "Secured Note"). *See* Secured Note Purchase Agreement (the "SNPA"), ¶ 1 and Sch. I.[2]

**ANSWER**: Defendant admits that THEIA agreed to issue Mr. Ahunai a Secured Note. Defendant otherwise denies the allegations contained in Paragraph 3.

4. The Secured Note provided Mr. Ahunai with a right to one and one half times the Principal Amount, or $15,000,000 (the "Repayment Amount"), on February 11, 2021 (the "Maturity Date"). *See* Secured Note, ¶ 1.[3]

**ANSWER**: The allegations in Paragraph 4 purport to characterize the terms of the Secured Note. Defendant respectfully submits that the Secured Note is a written document whose content speaks for itself. Defendants respectfully refer the Court to the terms of the Secured Note for a complete and accurate recitation of its contents.

5. On or about February 15, 2019, Mr. Ahunai made a timely payment of $10,000,000 to THEIA, and purchased the Secured Note.

**ANSWER**: Defendant admits the allegations in Paragraph 5.

6. Accordingly, on February 11, 2021, THEIA owed Mr. Ahunai the Repayment Amount.

**ANSWER**: The allegations contained in Paragraph 6 state a legal conclusion regarding the amount which Defendant owed Plaintiff under the terms of the Secured Note. No response is required to these allegations.

7. THEIA failed to pay any portion of the Repayment Amount on the Maturity Date, and defaulted on its obligations.

**ANSWER**: Defendant admits that THEIA did not pay the Repayment Amount on the Maturity Date. The remaining allegations in Paragraph 7 state a legal conclusion regarding THEIA's

---

[2] A true and correct copy of the SNPA is attached hereto as Exhibit 2.
[3] A true and correct copy of the Secured Note is attached hereto as Exhibit 3.

obligations under the terms of the Secured Note. No response is required to these allegations. Defendant otherwise admits the allegations contained in Paragraph 7.

8. Mr. Ahunai has made multiple attempts to collect the Repayment Amount and all default interests.

**ANSWER:** Defendant admits the allegations contained in Paragraph 8.

9. THEIA continues to withhold payment and remains in default.

**ANSWER:** The allegations contained in Paragraph 9 state a legal conclusion regarding THEIA's obligations under the terms of the Secured Note. No response is required to these allegations.

10. Mr. Ahunai is, therefore, entitled to immediate payment of the $15,000,000, plus all default interest owed under Delaware law.

**ANSWER:** Paragraph 10 states a legal conclusion to which no response is required.

## THE PARTIES

11. Plaintiff Somphote Ahunai is a citizen of Thailand, and currently resides in Bangkok, Thailand. Mr. Ahunai holds the Secured Note.

**ANSWER:** Defendant admits the allegations contained in the first sentence of Paragraph 11 upon information and belief. Defendant admits the allegations contained in the second sentence of Paragraph 11.

12. Defendant THEIA Group, Incorporated is a Delaware corporation, whose address is 1455 Pennsylvania Avenue, Suite 600, Washington, D.C. 20004. THEIA issued the Secured Note to Mr. Ahunai.

**ANSWER:** Defendant admits the allegations contained in Paragraph 12.

## JURISDICTION AND VENUE

13. The Court has personal jurisdiction over THEIA because THEIA is incorporated in this District. THEIA also "submit[ted] to the non-exclusive general jurisdiction of any State of Delaware court sitting in the county of New Castle" and "the courts of the United States of American for the District of Delaware . . ." *See* Secured Note, ¶ 13; SNPA, ¶ 12.

**ANSWER:** The first sentence of Paragraph 13 states a legal conclusion concerning this court's ability to exercise personal jurisdiction over Defendant. No response is required to this allegation. The second sentence of Paragraph 13 purports to quote the terms of the Secured Note. Defendant admits these terms insofar as they accurately quote the Secured Note.

14. The Court has subject matter jurisdiction over this case because the matter in controversy exceeds $75,000, Plaintiff is a citizen or subject of a foreign state, and Defendant is a citizen of Delaware. 28 U.S.C. § 1332 (a)(2).

**ANSWER:** Paragraph 14 states a legal conclusion to which no response is required.

15. Venue is proper because Defendant THEIA resides in this District. 28 U.S.C. § 1391 (b)(1), (c)(2). THEIA has also consented to venue. Secured Note, ¶ 13; SNPA, ¶ 12.

**ANSWER:** The allegations contained in Paragraph 15 consist of legal conclusions to which no response is required.

## FACTS

**I.  THEIA Agrees to Issue the Secured Note to Mr. Ahunai**

16. In or about early 2019, a representative of THEIA approached Mr. Ahunai about an investment opportunity.

**ANSWER:** Defendant admits the allegations contained in Paragraph 16.

17. THEIA claimed to be developing a satellite network that could operate in low earth orbit and use various sensors to harvest data regarding things like underground natural resources and weather (the "Project").

**ANSWER:** Defendant admits the allegations contained in Paragraph 17.

18. THEIA proposed that Mr. Ahunai loan it $10,000,000—to help develop what it claimed would be a very lucrative undertaking—and in exchange for this seed money, THEIA would pay Mr. Ahunai $15,000,000 in principal and interest when the loan matured.

**ANSWER:** Defendant admits only that it executed the documents attached to the Complaint as Exhibits 2 and 3 and otherwise denies the specific content and characterizations of statements allegedly made by THEIA to Mr. Ahunai as contained in Paragraph 18.

19. Mr. Ahunai agreed, and in or around February 2019, the Parties entered into a series of agreements memorializing THEIA's obligations and securing Mr. Ahunai's interests.

**ANSWER:** Defendant admits the allegations contained in Paragraph 19.

20. Several agreements are relevant to the Parties' dispute—including the HOA, the SNPA, and the Secured Note—and each are described in more detail herein.

**ANSWER:** Paragraph 20 states a legal conclusion regarding the relevance of specific written agreements to the resolution of this dispute. No response is required to this allegation.

### A. The Heads of Agreement

21. The HOA, dated February 11, 2019, sets out each party's basic rights and obligations relating to the investment.

**ANSWER:** The allegations contained in Paragraph 21 purport to characterize the contents of the HOA. Defendant submits that the HOA is a written document whose contents speak for themselves. Defendants respectfully refer the Court to the HOA for a complete and accurate recitation of its contents.

22. The HOA came into force upon the following events:

   a. Both Parties' executing the HOA;

   b. Mr. Ahunai's paying THEIA the Principal Payment;[4] and

   c. THEIA's memorializing and securing its promise to give Mr. Ahunai the Repayment Amount through the Secured Note and the SNPA (both of which wereattached to the HOA). *See* HOA ¶ 1.

**ANSWER:** The first sentence in Paragraph 22 states a legal conclusion regarding when the HOA came into effect, to which no response is required. The remaining allegations contained in Paragraph 22 purport to characterize the contents of the HOA. Defendant submits that the HOA is a written document whose contents speak for themselves. Defendants respectfully refer the Court to the HOA for a complete and accurate recitation of its contents.

---

[4] By an "Agreement to Adjustment of Date", the parties extended Mr. Ahunai's deadline for wiring payment from February 13, 2019 to February 15, 2019. See Agreement to Adjustment of Date, ¶ 1, a true and correct copy of which is attached hereto as Exhibit 4.

23. The HOA also required THEIA to supply Mr. Ahunai with a duly executed personal guarantee from Erlend Olson ("Olson"), THEIA's Chief Operations Officer. *See* HOA, ¶ 1(b).

**ANSWER:** The allegations contained in Paragraph 23 purport to characterize the contents of the HOA. Defendant submits that the HOA is a written document whose contents speak for themselves. Defendants respectfully refer the Court to the HOA for a complete and accurate recitation of its contents.

24. Olson had provided a personal guarantee on January 30, 2019. However, on February 13, 2019, Olson sent Mr. Ahunai a "Confirmation Letter," agreeing that, should Mr. Ahunai "determine a different form of personal guarantee is more suitable for enforcing [Mr. Ahunai's] rights," he will "execute such documents on demand." *See* Confirmation Letter of Erlend Olson, at ¶ 2.[5]

**ANSWER:** Defendant admits the allegations contained in the first sentence of Paragraph 24. The second sentence of Paragraph 24 purports to quote from the Confirmation Letter. Defendant submits that the Confirmation Letter is a written document whose contents speak for themselves. Defendant respectfully refers the Court to the Confirmation Letter for a complete and accurate recitation of its contents.

      **B.**    **Secured Note Purchase Agreement**

25. The SNPA, dated February 11, 2019, memorialized THEIA's agreement to sell and deliver to Mr. Ahunai the Secured Note, upon wire transfer of the Principal Amount.

**ANSWER:** The allegations in Paragraph 25 purport to characterize the terms of the SNPA. Defendant submits that the SNPA is a written document whose contents speak for themselves. Defendant respectfully refers the Court to the SNPA for a complete and accurate recitation of its contents.

26. The SNPA is governed by the laws of the State of Delaware.

**ANSWER:** Paragraph 26 contains a legal conclusion to which no response is required.

---

[5] A true and correct copy of the Confirmation Letter is attached hereto as Exhibit 5.

### C. Secured Convertible Promissory Note

27. The Secured Note, dated February 11, 2019, memorializes and secures THEIA's "promise[] to pay [Mr.] Ahunai on the Maturity Date . . . 1.5x (one and one half times) the principal sum of TEN MILLION DOLLARS ($10,000,000) ("the Principal Amount"), or FIFTEENMILLION DOLLARS ($15,000,000) ("the Repayment Amount")."

**ANSWER:** The allegations contained in Paragraph 27 purport to characterize the contents of the Secured Note. Defendant submits that the Secured Note is a written document whose contents speak for themselves. Defendants respectfully refer the Court to the Secured Note for a complete and accurate recitation of its contents. By way of further response, the Secured Note is secured with collateral comprised of certain real property located in Thailand.

28. The Maturity Date is February 11, 2021.

**ANSWER:** The allegations contained in Paragraph 28 purport to characterize the contents of the Secured Note. Defendant submits that the Secured Note is a written document whose contents speak for themselves. Defendants respectfully refer the Court to the Secured Note for a complete and accurate recitation of its contents.

29. The full Repayment Amount is due on that date.

**ANSWER:** Paragraph 29 consists of a legal conclusion to which no response is required.

30. Failure to "pay when due the Repayment Amount of this Note on the Maturity Date" is a default event.

**ANSWER:** Paragraph 30 purports to interpret the terms of the Secured Note. This is a legal conclusion to which no response is required. Defendants respectfully refer the Court to the Secured Note for a complete and accurate recital of its contents.

31. Upon the occurrence of any default event, the Repayment Amount "shall become due and payable" to Mr. Ahunai.

**ANSWER:** The allegations contained in Paragraph 31 purport to characterize the contents of the Secured Note. Defendant submits that the Secured Note is a written document whose contents

speak for themselves. Defendants respectfully refer the Court to the Secured Note for a full and accurate recital of its contents.

32. The Secured Note is governed by Delaware law.

**ANSWER:** Paragraph 32 consists of a legal conclusion to which no response is required.

## II. Mr. Ahunai Purchases the Secured Note

33. In reliance on THEIA's agreements and representations, on February 15, 2019, Mr. Ahunai wired THEIA $10,000,000, and purchased the Secured Note.

**ANSWER:** Defendant admits that Mr. Ahunai wired the amount specified and purchased the Secured Note on February 15, 2019. Defendant is without knowledge to confirm or deny the allegations in Paragraph 33 to the extent that it purports to characterize Mr. Ahunai's reliance on any agreements or representations made by THEIA.

## III. Olson Refuses to Provide a Suitable Personal Guarantee

34. Shortly thereafter, Mr. Ahunai requested a different form of personal guarantee, as he was entitled to do under the Confirmation Letter.

**ANSWER:** Defendant admits that Mr. Ahunai requested a different form of personal guarantee. The remainder of Paragraph 34 purports to characterize the contents of the Confirmation Letter and constitutes a legal conclusion regarding Mr. Ahunai's rights pursuant to the Confirmation Letter. Defendant submits that the Confirmation Letter is a written document whose contents speak for themselves, and respectfully refers the Court to the Confirmation Letter for a complete and accurate recitation of its contents. By way of further response, the form of personal guarantee requested by Mr. Ahunai was not customary in the United States, and the form of personal guarantee Mr. Olson offered to provide was customary in the United States.

35. Olson refused to honor this obligation.

**ANSWER:** The allegation in Paragraph 35 states a legal conclusion regarding Mr. Olson's obligations under the Confirmation Letter. No response is required to this allegation. By way of

further response, Mr. Olson properly offered a customary personal guarantee, which Mr. Ahunai rejected.

36. Instead, Olson, by email dated July 4, 2019, proposed the parties "dissolve the relationship . . . void the agreements and return [the] $10M to [Mr. Ahunai]."

**ANSWER**: Defendant denies the allegation contained in Paragraph 36, which refers to a writing not attached to the Complaint as an exhibit, and which would be considered an inadmissible offer to compromise.

37. Mr. Ahunai was amenable to this resolution, but, despite negotiations extending over nearly one year, the parties were ultimately unable to agree on the terms for terminating the relationship.

**ANSWER**: Defendant is without knowledge to admit or deny the allegations in Paragraph 37 insofar as it alleges that Mr. Ahunai was amendable to a resolution. Defendant otherwise admits the allegations contained in Paragraph 37.

38. Instead, Mr. Ahunai has remained in possession of the Secured Note, and THEIA has remained in possession of the Principal Amount.

**ANSWER**: Defendant admits the allegations contained in Paragraph 38.

**IV.    The Note Matures and THEIA Defaults**

39. On February 10, 2021, one day before the Maturity Date, Mr. Ahunai sent to THEIA a "Notice to Repay Promissory Note."[6]

**ANSWER**: Defendant admits that on February 10, 2021, Mr. Ahunai sent THEIA a "Notice to Repay Promissory Note."

40. The Notice to Repay Promissory Note invoked Mr. Ahunai's rights to the Repayment Amount, and demanded timely payment on February 11, 2021.

**ANSWER**: Defendant admits the allegations contained in Paragraph 40.

41. On February 11, 2021, the Secured Note matured, and the Repayment Amount was due and payable to Mr. Ahunai.

---

[6] A true and correct copy of the Notice to Repay Promissory Note is attached hereto as Exhibit 6.

**ANSWER:** The allegations contained in Paragraph 41 consist of legal conclusions to which no response is required.

42. THEIA failed to remit the Repayment Amount, thereby defaulting and triggering its obligation to pay default interest.

**ANSWER:** Defendant admits that it did not remit the Repayment Amount. Otherwise, the allegations contained in Paragraph 42 consist of legal conclusions to which no response is required.

43. Because there is no expressed contract rate, the Delaware Code requires that the default interest equal five percent over the Federal Reserve Discount rate, running from the date the payment is due until the payment is made. *See* 6 *Del. C.* § 2301(a).

**ANSWER:** Paragraph 43 consists of a legal conclusion to which no response is required.

**V.   THEIA Continues to Withhold Payment Without Justification**

44. On February 16, 2021, Mr. Ahunai sent to THEIA a Notice of Default, demanding the full Repayment Amount, together with all default interest.[7]

**ANSWER:** Defendant admits the allegations contained in Paragraph 44.

45. On February 17, 2021, THEIA responded, asking Mr. Ahunai to further extend the "maturity date by 12 months in exchange for increasing the return from 1.5x to 2.5x, and the opportunity to convert some or all of 2.5x into the IPO which THEIA is doing later this year . . ." *See* THEIA Response Letter.[8]

**ANSWER:** Defendant admits the allegations contained in Paragraph 45.

46. Alternatively, THEIA stated that if Mr. Ahunai "wish[ed] to redeem [his] notes for cash now, [he] may do so." However, THEIA warned that if he did, Mr. Ahunai would be unable to participate in a new "Secure Global Network" supposedly consisting of a "point-to-point global communications network covering every place on earth … enabling [THEIA] to become the first internet+cloud in space (much like Amazon Web Services, only entirely in space)." *See id.*

**ANSWER:** Defendant admits the allegations contained in Paragraph 46. By way of further response, THEIA attempted to resolve the dispute with Plaintiff by, among other things,

---

[7] A true and correct copy of the Notice of Default is attached hereto as Exhibit 7.
[8] A true and correct copy of the THEIA Response Letter is attached hereto as Exhibit 8.

resolving an appropriate release of the liens on the collateral securing the Secured Note and the utilization of an escrow agent to effect an orderly payment and release.

    47.    Mr. Ahunai rejected this new offer, and reiterated his demand for the Repayment Amount plus default interest.

**ANSWER**:  Defendant admits the allegations contained in Paragraph 47.

    48.    THEIA did not provide payment.

**ANSWER**:  Defendant admits the allegations contained in Paragraph 48.

    49.    On April 22, 2021, Mr. Ahunai issued a Notice of Default and Security Enforcement, stating that THEIA had defaulted on its payment obligations and that Mr. Ahunai would take legal actions against THEIA and its security providers.[9]

**ANSWER**:  Defendant admits the allegations contained in Paragraph 49.

    50.    THEIA has made no payment or response thereto, leaving the entire balance of the Repayment Amount outstanding, and THEIA remaining in default.

**ANSWER**:  Defendant admits that it made no payment in response to Mr. Ahunai's Notice of Defaul and Security Enforcement.  The allegations in Paragraph 50 otherwise consist of legal conclusions to which no response is required.

## COUNT ONE BREACH OF CONTRACT

    51.    Plaintiff incorporates paragraphs 1 - 50 as though fully set forth herein.

**ANSWER**:  Defendant incorporates its responses to the foregoing paragraphs herein.

    52.    The Parties agreed that THEIA would owe Mr. Ahunai $15,000,000 on the date of maturity of the Secured Note—February 11, 2021—in exchange for Mr. Ahunai's investment of $10,000,000.

**ANSWER**:  The allegations contained in Paragraph 52 purport to characterize the contents of the Secured Note.  Defendant submits that the Secured Note is a written document whose contents

---

[9] A true and correct copy of the Notice of Default and Security Enforcement is attached hereto as Exhibit 9.

speak for themselves. Defendant respectfully refers the Court to the Secured Note for a complete and accurate recital of its contents.

53. Mr. Ahunai made a timely investment of $10,000,000 in return for the Secured Note.

**ANSWER:** Defendant admits the allegations contained in Paragraph 53.

54. The Secured Note matured on February 11, 2021, and the $15,000,000 was due and payable to Mr. Ahunai at that time.

**ANSWER:** The allegations contained in Paragraph 54 consist of legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 54.

55. THEIA failed to pay any portion of the $15,000,000 owed on February 11, 2021, thereby defaulting and depriving Mr. Ahunai of his right to immediate payment.

**ANSWER:** Defendant admits that it did not pay any portion of the amount specified. The remainder of the allegations contained in Paragraph 55 consist of legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations contained in Paragraph 55.

56. THEIA remains in default and continues to harm Mr. Ahunai by withholding payment of the $15,000,000 plus default interest, running from February 11, 2021 to the date of payment.

**ANSWER:** The allegations contained in Paragraph 56 consist of legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 56.

57. As a result of THEIA's misconduct, Mr. Ahunai is entitled to immediate payment of the $15,000,000 owed, plus all default interest.

**ANSWER:** The allegations contained in Paragraph 57 consist of legal conclusions to which no response is required.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any defense for which Delaware law places the burden on Plaintiff, Defendant reserves the right to amend its Answer to assert additional defenses that become available or apparent during the course of this litigation.

Dated:  September 23, 2021

**CHIPMAN BROWN CICERO & COLE, LLP**

 */s/ Joseph B. Cicero*
Joseph B. Cicero (#4388)
Elliott Covert (#6540)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
cicero@chipmanbrown.com
covert@chipmanbrown.com

*Attorneys for Defendant*