IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOMPHOTE AHUNAI,<br><br>             Plaintiff,<br><br>     v.<br><br>THEIA GROUP, INCORPORATED,<br><br>             Defendant. | C.A. No. 21-cv-1182-LPS |

**OPENING BRIEF IN SUPPORT OF PLAINTIFF SOMPHOTE AHUNAI'S
MOTION FOR JUDGMENT ON THE PLEADINGS AGAINST
<u>DEFENDANT THEIA GROUP, INCORPORATED</u>**

*Of Counsel:*

Jacob M. Kaplan (admitted *pro hac vice*)
Graham Cronogue (admitted *pro hac vice*)
BAKER & MCKENZIE LLP
452 Fifth Avenue
New York, NY 10018
(212) 626-4100
jacob.kaplan@bakermckenzie.com
graham.cronogue@bakermckenzie.com

ASHBY & GEDDES
Catherine A. Gaul (#4310)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
cgaul@ashbygeddes.com

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS .................................................................. 1

SUMMARY OF THE ARGUMENT ......................................................................................... 2

CONCISE STATEMENT OF FACTS ....................................................................................... 3

    A.   The Parties Enter Into Binding Agreements .......................................................... 3

    B.   The Note Matures and THEIA Defaults .................................................................. 4

    C.   THEIA Continues to Withhold Payment Without Justification ........................................ 5

LEGAL STANDARD ................................................................................................................. 5

ARGUMENT .............................................................................................................................. 6

    I.    THEIA BREACHED THE SECURED NOTE .......................................................... 6

CONCLUSION ........................................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**

*Fanatics Retail Grp. (Dreams), LLC v. Truax*,
   No. 20-0794 (MN), 2020 U.S. Dist. LEXIS 224421 (D. Del. Dec. 1, 2020) ..............................2

*Fed Cetera, LLC v. Nat'l Credit Serv's, Inc.*,
   938 F.3d 466 (3d Cir. 2019) .................................................................................................6

*Ironrock Energy Corp. v. Pointe Lng*,
   No. N20C-06-121 EMD, 2021 Del. Super. LEXIS 543 (Super. Ct. July 19, 2021)  .......... 6, 2, 7

*Jernigan Capital Operating Co., LLC v. Storage Partners of KOP, LLC*,
   2020 Del. Ch. LEXIS 380 (Ch. Dec. 31, 2020).......................................................................6, 2

*Retail Grp. (Dreams), LLC v. Truax*,
   No. 20-0794 (MN), 2020 U.S. Dist. LEXIS 224421 (D. Del. Dec. 1, 2020) ..............................6


**Statutes**

6 *Del. C.* § 2301(a)............................................................................................................ 2, 7


**Rules**

Fed. R. Civ. P. 10(c)  ......................................................................................................6

Fed. R. Civ. P. 12(c)  ......................................................................................................2, 5

Plaintiff Somphote Ahunai ("Mr. Ahunai" or "Plaintiff") respectfully submits this Memorandum of Points and Authorities in support of his request for an order granting judgment on the pleadings for his breach of contract claim against Defendant THEIA Group, Incorporated ("THEIA" or "Defendant").  Judgment is warranted because the pleadings conclusively establish that THEIA breached its contractual obligations to pay Mr. Ahunai the $15 million to which he is entitled.

The Complaint and the documentary evidence attached to the Complaint demonstrate— and THEIA's Answer admits—that Mr. Ahunai loaned THEIA $10 million in exchange for a secured convertible promissory note (the "Secured Note").   The Secured Note, in turn, unambiguously required THEIA to pay Mr. Ahunai one and one half times the principal, or $15 million, on February 11, 2021.

That date has long passed, and Mr. Ahunai has made multiple attempts to collect the money to which he is entitled.  However, THEIA has failed to pay any portion of the $15 million (plus interest) it owes Mr. Ahunai, and remains in default.  Because all material facts are established in Mr. Ahunai's complaint, and have not been denied in THEIA's answer, Mr. Ahunai respectfully asks this Court to enter judgment against THEIA on the pleadings.

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff commenced this action on August 18, 2021, by filing a Complaint for breach of contract against THEIA.  D.I. 1, Complaint.  THEIA filed an Answer on September 23, 2021.  D.I. 5, Answer.  THEIA does not deny the operative facts and asserts no affirmative defenses.

## SUMMARY OF THE ARGUMENT

Plaintiff is entitled to judgment on his breach of contract claim for the following reasons:

1.      After the pleadings have closed, either party may move for judgment on the pleadings. FED. R. CIV. P. 12(c).

2.      A court will grant judgment on the pleadings in favor of the plaintiff if the undenied facts alleged in the complaint and authentic documents attached as exhibits demonstrate the plaintiff is entitled to judgment as a matter of law.  *Fanatics Retail Grp. (Dreams), LLC v. Truax*, No. 20-0794 (MN), 2020 U.S. Dist. LEXIS 224421, at *4-5 (D. Del. Dec. 1, 2020).

3.      The elements of a breach of contract claim in Delaware are: (1) the existence of a contract; (2) the breach of an obligation imposed by the contract; and (3) damages arising from the breach.  *Ironrock Energy Corp. v. Pointe Lng*, No. N20C-06-121 EMD, 2021 Del. Super. LEXIS 543, at *19 (Super. Ct. July 19, 2021) (granting judgment for breach of a promissory note); *Jernigan Capital Operating Co., LLC v. Storage Partners of KOP, LLC*, 2020 Del. Ch. LEXIS 380, at *9 (Ch. Dec. 31, 2020) (same).

4.      In its Answer, THEIA admits that it executed the Secured Note and sold it to Mr. Ahunai for $10 million.

5.      The Secured Note unambiguously required THEIA to pay Mr. Ahunai a sum of $15 million on the Secured Note's February 11, 2021 maturity date, and defined failure to pay on February 11, 2021 as a default event.

6.      THEIA admits that it failed to pay Mr. Ahunai any portion of the $15 million on or after February 11, 2021.

7.      Mr. Ahunai suffered (and continues to suffer) damages because THEIA continues to withhold payment.

8.      Accordingly, Mr. Ahunai is entitled to judgment and an award of $15 million plus default interest authorized by 6 *Del. C.* § 2301(a).

## CONCISE STATEMENT OF FACTS

In early 2019, a representative of THEIA approached Mr. Ahunai about an investment opportunity.  D.I. 5, Ans. at ¶ 16.  THEIA claimed to be developing a satellite network that could operate in low earth orbit and use various sensors to harvest data regarding things like underground natural resources and weather (the "Project").  D.I. 5, Ans. at ¶ 17; D.I. 1-1, Heads of Agreement ("HOA") Introductory Paragraph and Whereas Clause A.  The parties agreed that Mr. Ahunai would loan THEIA $10,000,000, and THEIA would pay Mr. Ahunai $15,000,000 in principal and interest when the loan matured.  D.I. 5, Ans. at ¶¶ 18-19; D.I. 1-2, Secured Note Purchase Agreement (the "SNPA"), ¶ 1 and Sch. I; D.I. 1-3, Secured Note, ¶ 1.

## A.  The Parties Enter Into Binding Agreements

The parties memorialized their investment dealings in three principal documents: HOA, the Secured Note Purchase Agreement, and the Secured Note.  THEIA admits that it executed each of these documents.  *See* D.I. 5, Ans. at ¶¶ 2, 18, 19.

The HOA, dated February 11, 2019, "sets forth the major terms and conditions under which the Parties agree to proceed" with the investment.  *See* D.I. 1-1, HOA, Introductory Paragraph. The HOA came into force upon the following events: both Parties' executing the HOA; Mr. Ahunai's paying THEIA the Principal Payment;[1] and THEIA's memorializing and securing its promise to give Mr. Ahunai the Repayment Amount through the Secured Note and the SNPA (both of which were attached to the HOA).  *See id.* at ¶ 1.

---

[1] By an "Agreement to Adjustment of Date", the parties extended Mr. Ahunai's deadline for wiring payment from February 13, 2019 to February 15, 2019.  *See* D.I. 1-4, Agreement to Adjustment of Date, ¶ 1.

The SNPA, also dated February 11, 2019, memorialized THEIA's agreement to sell and deliver to Mr. Ahunai the Secured Note, upon wire transfer of the Principal Amount.  D.I. 1-2, SNPA at ¶ 1.[2]

The Secured Note, it turn, memorialized and secured THEIA's "promise[] to pay [Mr.] Ahunai on the Maturity Date . . . 1.5x (one and one half times) the principal sum of TEN MILLION DOLLARS ($10,000,000) ('the Principal Amount'), or FIFTEEN MILLION DOLLARS ($15,000,000) ('the Repayment Amount')."  D.I. 1-3, Secured Note, Introductory Paragraph.

The Maturity Date in the Secured Note is defined as February 11, 2021, and the full Repayment Amount is due on that date.  *Id*. at ¶ 1.  Failure to "pay when due the Repayment Amount of this Note on the Maturity Date" is a default event.  *Id*. at ¶ 4(a).  Upon the occurrence of any default event, the Repayment Amount "shall become due and payable" to Mr. Ahunai.  *Id*. at ¶ 5.   The Secured Note is governed by Delaware law.  *Id*. at ¶ 13.

On February 15, 2019, Mr. Ahunai wired THEIA $10,000,000, and purchased from THEIA the Secured Note.  D.I. 5, Ans. at ¶ 33.

### B.  The Note Matures and THEIA Defaults

On February 10, 2021, Mr. Ahunai sent to THEIA a "Notice to Repay Promissory Note." D.I. 5, Ans. at ¶ 39; D.I. 1-6, Notice to Repay Promissory Note. The Notice to Repay Promissory Note invoked Mr. Ahunai's rights to the Repayment Amount, and demanded timely payment on February 11, 2021.  D.I. 5, Ans. at ¶ 40; D.I. 1-6, Notice to Repay Promissory Note.

On February 11, 2021, the Secured Note matured, and the Repayment Amount was due and payable to Mr. Ahunai.  D.I.-3, Secured Note at ¶¶ 1, 4(a), 13.  THEIA did not remit the Repayment Amount.  D.I. 5, Ans. at ¶ 42.

---

[2] The SNPA is governed by Delaware law. SNPA at ¶ 12.

C. **THEIA Continues to Withhold Payment Without Justification**

On February 16, 2021, Mr. Ahunai sent to THEIA a Notice of Default, demanding the full Repayment Amount, together with all default interest.  D.I. 5, Ans. at ¶ 44; D.I. 1-7, Notice of Default.

On February 17, 2021, THEIA responded, asking Mr. Ahunai to further extend the "maturity date by 12 months in exchange for increasing the return from 1.5x to 2.5x, and the opportunity to convert some or all of 2.5x into the IPO which THEIA is doing later this year . . ." D.I. 5, Ans. at ¶ 45; D.I. 1-8, THEIA Response Letter.

Alternatively, THEIA stated that if Mr. Ahunai "wish[ed] to redeem [his] notes for cash now, [he] may do so."  D.I. 5, Ans. at ¶ 46; D.I. 1-8, THEIA Response Letter.   However, THEIA warned that if he did, Mr. Ahunai would be unable to participate in a new "Secure Global Network" supposedly consisting of a "point-to-point global communications network covering every place on earth … enabling [THEIA] to become the first internet+cloud in space (much like Amazon Web Services, only entirely in space)."  D.I. 5, Ans. at ¶ 46; D.I. 1-8, THEIA Response Letter.

Mr. Ahunai rejected this new offer, and reiterated his demand for the Repayment Amount plus default interest.  D.I. 5, Ans. at ¶ 47.  THEIA did not provide payment.  *Id.* at ¶ 48.

On April 22, 2021, Mr. Ahunai issued a Notice of Default and Security Enforcement, stating that THEIA had defaulted on its payment obligations and that Mr. Ahunai would take legal actions against THEIA and its security providers.  D.I. 5, Ans. at ¶ 49; D.I. 1-9, Notice of Default and Security Enforcement.  THEIA has made no payments.  D.I. 5, Ans. at ¶ 50.

## LEGAL STANDARD

After the pleadings have closed, a party may move for judgment on the pleadings. FED. R. CIV. P. 12(c). "A motion for judgment on the pleadings will be granted . . . if, on the basis of the

pleadings, the movant is entitled to judgment as a matter of law." *Fed Cetera, LLC v. Nat'l Credit Serv's, Inc.*, 938 F.3d 466, 470 n. 7 (3d Cir. 2019).

When reviewing a motion for judgment on the pleadings filed by a plaintiff, the Court must determine "whether on the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law." *Fanatics Retail Grp. (Dreams), LLC v. Truax*, No. 20-0794 (MN), 2020 U.S. Dist. LEXIS 224421, at *4-5 (D. Del. Dec. 1, 2020) (granting judgment on the pleadings for breach of contract). "A copy of a written instrument is part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

ARGUMENT

## I.   THEIA BREACHED THE SECURED NOTE

The elements of a breach of contract claim in Delaware are: (1) the existence of a contract; (2) the breach of an obligation imposed by the contract; and (3) damages arising from the breach. *Ironrock Energy Corp. v. Pointe Lng*, No. N20C-06-121 EMD, 2021 Del. Super. LEXIS 543, at *19 (Super. Ct. July 19, 2021) (granting summary judgment on breach of a promissory note); *Jernigan Capital Operating Co., LLC v. Storage Partners of KOP, LLC*, 2020 Del. Ch. LEXIS 380, at *9 (Ch. Dec. 31, 2020) (same).

The pleadings conclusively establish each element in favor of Plaintiff. *First*, the parties do not dispute that there is an agreement. THEIA admits that it executed the Secured Note, and that it sold the Secured Note to Mr. Ahunai for $10 million. D.I. 5, Ans. at ¶¶ 2, 18, 19, 33.

*Second*, THEIA clearly breached its obligations under the Secured Note. The Secured Note unambiguously states that THEIA is required to repay Plaintiff the full $15 million on February 11, 2021, the date of maturity. *See* D.I. 1-3, Secured Note at ¶¶ 1, 4(a). Failure to pay by February 11, 2021 is a default event. *See Id*. at ¶ 4(a). Because THEIA admits that it failed to remit payment

6

on or by that date, THEIA clearly defaulted.  *See* D.I. 5, Ans. at ¶¶ 42, 50; *Ironrock Energy Corp.*,

2021 Del. Super. LEXIS 543, at *20-21 (holding that failure to pay promissory note on maturity

date was a breach).

      *Third*, there can be no legitimate dispute that THEIA's actions have damaged Mr. Ahunai,

as THEIA continues to improperly withhold the $15 million to which Mr. Ahunai has an

indisputable right.  *See* D.I. 5, Ans. at ¶¶ 42, 50.

      Because the undenied facts alleged in the Complaint and the Secured Note's unambiguous

terms resolve every element of Plaintiff's claim in his favor, Plaintiff is entitled to judgment on

the pleadings, awarding him the amount due under the Secured Note, plus default interest under

6 *Del. C.* § 2301(a).[3]

## CONCLUSION

      For the reasons stated herein, Plaintiff respectfully requests that its Motion for Judgment

on the Pleadings be granted, and THEIA be ordered to pay Plaintiff the sum of $15 million, plus

default interest.

Dated: October 5, 2021

*Of Counsel:*

Jacob M. Kaplan (admitted *pro hac vice*)
Graham Cronogue (admitted *pro hac vice*)
BAKER & MCKENZIE LLP
452 Fifth Avenue
New York, NY 10018
(212) 626-4100
jacob.kaplan@bakermckenzie.com
graham.cronogue@bakermckenzie.com

ASHBY & GEDDES

/s/ Catherine A. Gaul
Catherine A. Gaul (#4310)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
cgaul@ashbygeddes.com

Attorneys *for Plaintiff*

---

[3] The Secured Note has no expressed contract rate; therefore, Delaware law requires that the default interest equal five percent over the Federal Reserve Discount rate, running from the date the payment is due until the payment is made.  *See* 6 *Del. C.* § 2301(a).